# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

ZURICH AMERICAN INSURANCE, ET AL.,

    Plaintiffs,

        v.

LORD ELECTRIC CO. OF PUERTO RICO, ET AL.,

    Defendants.

**Civil No. 09-1111 (SEC)**

## MEMORANDUM AND ORDER

Before the Court are the third-party plaintiff's motion for attorney's fees and costs (Docket # 470), and the third-party defendant's opposition thereto. Docket # 511. After reviewing the filings and the applicable law, the motion is **GRANTED in part and DENIED in part**.

### Background

The underlying facts of this protracted, diversity tort suit have been recounted many times. See, e.g., Zurich Am. Ins. v. Lord Elec. Co. of Puerto Rico, No. 09-1111, --- F. Supp.2d ----, 2013 WL 6407509, at *1 (D.P.R. Dec. 9 2013) (citing decisions). The ensuing facts are therefore circumscribed to the latest dispute between third-party plaintiff Alarm & Control System Co. (Acotrol), and its insurer, third-party defendant Real Legacy Assurance Company (Real Legacy).

On December 9, 2013, the Court held that Real Legacy had violated its duty to defend Acotrol when it withdrew Acotrol's legal representation back in December 2012. See 2013 WL 6407509, at *8. Such a violation, the Court held, entitled Acotrol to costs and attorney's fees. Id. (citing, inter alia, Municipality of San Juan v. Great Am. Ins. Co., 813 F.2d 520, 521 (1st Cir. 1987)). Acotrol promptly filed the instant motion for attorney's fees and costs. Docket # 470.

**CIVIL NO. 09-1111 (SEC)**                                                                 Page 2

It seeks attorney's fees in the amount of $ 168,871.25, and taxable costs in the amount of $ 52,419.38, for a total of $ 221,290.63. Id., p. 10.[1]

Real Legacy opposed. Docket # 511. It posits, essentially, that the Court should "grant only a reasonable fee according to the actual work that needed to be performed, and not the work that was a result of duplicative, unproductive, excessive or otherwise unnecessary." Id., p. 9.

**Discussion**

All agree that the lodestar calculation should guide the Court's analysis. See Docket # 470, pp 2-3; Docket # 511, p. 2. Real Legacy does not dispute, moreover, that under Puerto Rico law, Acotrol may recover the attorney's fees and costs it incurred in (1) defending the underlying suit after Real Legacy withdrew legal representation; and (2) prosecuting its third-party complaint for declaratory judgment regarding Real Legacy's duties to defend and indemnify. See generally Docket # 511. The Court thus turns to the proposed billing rates for the attorneys and specific billable-time entries to determine whether, as Real Legacy maintains, an overall adjustment to the award of fees is warranted.

To make the lodestar calculation, courts apply the prevailing billing rates to the hours reasonably expended on successful claims.[2] This calculation is made by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate. See, e.g., Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); Joyce v. Town of Dennis, 720 F.3d 12, 26–27 (1st Cir.

---

[1] These amounts essentially span a year: December 2012 to December 2013. On February 14, 2014, Acotrol filed a supplementary motion, seeking a little over $20,000 in additional attorney's fees and costs. Docket # 508. Given that Real Legacy's deadline to oppose that motion has not expired, however, Acotrol's supplementary motion will not be considered here.

[2] "In order to recover fees, attorneys must submit a full and precise accounting of their time, including specific information about number of hours, dates, and the nature of the work performed." Deary v. City of Gloucester, 9 F.3d 191, 197-98 (1st Cir. 1993) (citation omitted). Here, Acotrol's attorneys submitted extensive time sheets (Exhibits at Dockets # 474). Their accounting does not lack in detail, although, as the Court finds below, some of the charges shown there are excessive and duplicative.

2013).³ "Once established, the lodestar represents a presumptively reasonable fee, although it is subject to upward or downward adjustments in certain circumstances." Lipsett v. Blanco, 975 F.2d 934, 937 (1st Cir. 1992) (citations omitted).

Here, Acotrol has submitted sworn statements and attorneys' time sheets to support its request for attorney's fees and costs. See Exhibits at Dockets # 474 & 475. It seeks an hourly rate of $150 for attorney Amancio Arias Guardiola, for a total of $ 66,405.00. Docket # 470, p. 5. Real Legacy had originally assigned attorney Arias Guardiola to represent Acotrol, but after it impermissibly withdrew legal representation, Acotrol sensibly retained his services in order to ensure continuity in its defense. Acotrol then seeks an hourly rate of $175 for attorney Jeannette López de Victoria, for a total of $ 81,266.25. Acotrol retained attorney López de Victoria to handle the coverage litigation, which resulted from Real Legacy's withdrawal of legal defense and coverage.

A court implementing the lodestar method "calculates the time counsel spent on the case, subtracts duplicative, unproductive, or excessive hours, and then applies prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved)." Gay Officers Action League v. Puerto Rico, 247 F.3d 288, 295 (1st Cir. 2001). The Supreme Court has recently reiterated that a district court's duty when assessing attorney's fees is not "to become green-eyeshade accountants" or "to achieve auditing perfection," but, rather, "to do rough justice." Fox v. Vice, 131 S.Ct. 2205, 2216 (2011).

---

³Other factors — the so-called Johnson factors — to consider in making this determination are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Blanchard v. Bergeron, 489 U.S. 87, 91-92 n.5 (1989) (citing Johnson v. Ga. Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974)).

**CIVIL NO. 09-1111 (SEC)**                                                                                           **Page 4**

Addressing the propriety of the attorney's hourly rates first, the Court takes note of the exhibits submitted with the instant motion.

### I.     Reasonable Hourly Rates

Real Legacy does not dispute the reasonableness of Arias Guardiola's $150 hourly rate. Docket # 511, p. 3. It complains, however, about López de Victoria's hourly rate, which — as noted above — is $175 per hour. Arguing that the coverage litigation is "not a novel one," Real Legacy maintains that such a dispute "did not require such an expert or skill in the matter that required an attorney to bill an hourly rate much higher than what the attorney litigating the case in chief bills." Id. (emphasis added). Instead, Real Legacy proposes that the Court set López de Victoria's rate at $150 per hour, that is, a $ 25 dollar reduction. This request lacks merit.

For a start, $175 is not "much higher" than $150; it is slightly higher. Contrary to Acotrol's perfunctory argument, furthermore, the controversy litigated by López de Victoria was, arguably, novel: The December 9, 2013 opinion, see 2013 WL 6407509, appears to have been the first time that a judge in this district interpreted an insurance policy's total pollution exclusion clause, in light of the Puerto Rico Supreme Court's watershed decision in Molina v. Plaza Acuatica, 166 P.R. Dec. 260, 276 (2005). And, in any event, the novelty of the controversy is but one of the many Johnson factors, see note 3 above, that courts consider in making a lodestar calculation. Above all, López de Victoria's is an experienced, qualified, and competent federal litigator. And her hourly rate is in line with prevailing rates in the community. Cf., e.g., Rosario-Urdaz v. Rivera-Hernandez, 451 F. Supp. 2d 305, 309-10 (D.P.R. 2006) (collecting case law on hourly rates awarded in civil-rights cases, which have generally ranged from $100–$250 for in-court work, and from $90–$225 for out-of-court time). Because López de Victoria commands an $175 hourly rate, Real Legacy's request is rejected.

**CIVIL NO. 09-1111 (SEC)**                                                                                               **Page 5**

## II.    *Propriety of Billable Entries in Time Sheets*

Real Legacy also protests some of these attorneys' billable entries. The general tenor of its list of objections is that Acotrol's attorneys seek to bill their opponents excessively, especially for their review of (often) single-sentence case-management orders and motions. The Court agrees. Real Legacy is also right that many entries are duplicative.

For instance, Arias Guardiola billed Acotrol for reviewing all the motions filed by López de Victoria and Real Legacy. See, e.g., Docket # 474-1, pp. 7, 9 (over four hours in reviewing Acotrol's third-party complaint and summary-judgment motion); Docket # 474-2, p. 5 (almost two hours in reviewing memoranda regarding Real Legacy's motion to sever); see also, e.g., id. at 10-13. But such motions pertained to the coverage dispute — not to the case in chief (i.e., Acotrol's liability). And Arias Guardiola, of course, was retained only to defend Acotrol's underlying liability. Arias Guardiola likewise billed Acotrol for reading many line orders or otherwise single-sentence orders pertaining to the coverage dispute between Acotrol and Real Legacy.

In a similar vein, López de Victoria billed Acotrol for reviewing all the motions filed by the parties regarding liability issues. See, e.g., Docket # 474-4, p. 13 (2.50 hours for reviewing and "analyzing" the plaintiffs' response to a motion for summary judgment filed by other defendants); id. at 31 (two hours reviewing the plaintiffs' consolidated motion in limine). López de Victoria also billed Acotrol for reviewing the Court's many notice of electronic filings with orders pertaining to the liability issues. It bears emphasis that Lopez de Victoria always billed Acotrol a quarter-hour ($43.75) for such routine orders. She similarly billed a quarter-hour for reviewing line orders and other short orders in the docket and short, boilerplate motions, such as motions for extensions of time. See, e.g., id. at 16-17. But such tasks should take only a couple of minutes. See Cuadrado-Ramos, ex rel. Cuadrado v. Commonwealth of Puerto Rico, No. 09-1369, 2010 WL 1416016, *3 (D.P.R. Mar. 31, 2010) ("Plaintiffs' time sheet reveals

**CIVIL NO. 09-1111 (SEC)**                                                              Page 6

quarter-hour billing for the review of court orders that would take no more than a few moments to read.").

"[L]itigation is messy," and this Court must now balance all the factors above in order "to do rough justice." Fox, 131 S.Ct. at 2214. After examining the time sheets in detail, the Court finds that the excess and duplicative charges described above must be reduced. "The court may decide to apply a percentage reduction of fees in response to practices that tend to inflate hours across the board." Rodríguez-Garcia v. Municipality of Caguas, 787 F. Supp.2d 135, 143 (D.P.R. 2011) (citations omitted). Where, as here, the inflated time entries are "too numerous to discount on an individual basis," this district has employed across-the-board reductions based on "appropriate percentages . . . ." Id. (collecting cases). Because the Court has a duty to ensure that the ultimate fee is reasonable, it will impose an across-the-board fee reduction of 10% to Arias Guardiola's fees, and 15% to the fees charged by López de Victoria.

While both attorneys engaged in duplicative work, the 5% difference reflects Lopez de Victoria's practice of "bill[ing] fifty or more menial items in quarter-hour increments when the actual task would have taken a negligible amount of time." See Diffenderfer v. Gomez-Colon, 587 F.3d 445, 455 (1st Cir. 2009); accord Foley v. City of Lowell, Mass., 948 F.2d 10, 20 (1st Cir. 1991) (affirming one-third across-the-board reduction when district court "accept[ed] the hourly rates at face value").

No downward or upward adjustments are in order. So the Court calculates the lodestar, with the above modifications, as follows:

**Attorney Arias Guardiola**

442.7  hrs x  $150 - 10%  = **$ 59,764.9**

**Attorney López de Victoria**

437.95 hrs x $175 - 15%  = **$ 69,076.31**

**Total:**            **$ 128,841.21**

**CIVIL NO. 09-1111 (SEC)**                                                                                          **Page 7**

### III.   Attorney Edwin Colón Torres

Next, Real Legacy protests the fees and costs Acotrol incurred in retaining attorney Edwin Colón Torres, arguing that Colón Torres duplicated the work performed by Arias Guardiola. Colón Torres, who has not even appeared on this case, charged Acotrol $ 21,200 in attorney's fees. He also billed $ 3,112.18 in travel expenses for attending several state-side depositions. In total, Acotrol seeks to recover $ 24,312.18 in fees and costs. Acotrol is not entitled to recover such amounts.

To begin with, the travel expenses and attorney's fees pertaining to the depositions and mediation sessions are undoubtedly duplicative. That is so, because they amount to "overstaffing of the case," insofar as Arias Guardiola also attended those depositions and mediation sessions. And he, too, seeks to recover such fees and costs. See Rodríguez-García, 787 F. Supp. 2d at144; accord Alexander v. City of Jackson Miss., 456 F. App'x 397, 402 (5th Cir. 2011) (per curiam) (affirming district court's exclusion of "travel expenses of attorneys whose work it found duplicative"). "The time for two or three lawyers in a courtroom or conference, when one would do, may obviously be discounted." Hart v. Bourque, 798 F.2d 519, 523 (1st Cir. 1986) (citation and internal quotation marks omitted). As to the remainder fees, the Court also agrees with Real Legacy that Colón Torres' involvement was superfluous for purposes of litigating this case, not least because it appears from the time sheets submitted by López de Victoria, see, e.g., Docket # 474-4, p. 4, that he merely acted as Acotrol's in-house counsel.

In all events, Acotrol failed to meet its burden of providing sufficiently detailed contemporaneous records of the time expended and tasks performed by Cólon Torres in order to allow the court to determine their reasonableness. See Tenn. Gas Pipeline Co. v. 104 Acres of Land, 32 F.3d 632, 634 (1st Cir.1994). "In order to recover fees, attorneys must submit a full and precise accounting of their time, including specific information about number of hours, dates, and the nature of the work performed." Deary v. City of Gloucester, 9 F.3d 191, 197-98

(1st Cir.1993). The Spanish-language invoices provided by Acotrol on this front, see Dockets # 475, pp. 4-10, fail to meet such a requirement, plus the lack of certified English translations provides an additional ground to disregard them.

### IV.   Exclusion of Costs

Finally, Real Legacy takes exception to the hourly rate ($250) paid to one of Acotrol's experts. Docket # 511, p. 8. It also argues that "all photocopies should be disregarded [as] being an unreasonable cost." Id. The first protestation is unpersuasive and can be discarded out of hand.

"Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54 (d)(1). A prevailing party, however, must document costs in order to allow courts to ascertain whether the costs were reasonable and necessary. See Pan Am. Grain Mfg. Co. v. P.R. Ports Auth., 193 F.R.D. 26, 35 (D.P.R. 2000) (citation omitted).

Complaining about the fees charged by Acotrol's expert, Real Legacy says — without providing any supporting documentation — that, because "[w]hen Real Legacy retained the expert he was paid at a rate of $175 per hour," the Court should lower the expert's fees accordingly. But Real Legacy's one-sentence ipse dixit fails to explain why the $250 hourly rate was unreasonable. At any rate, Real Legacy has no one but itself to blame for such an alleged disparity between the rates. Had it continued representing Acotrol, it would have retained control of the litigations costs. As Acotrol nicely puts it, "[h]aving called the tune, Real Legacy must now pay the piper." Docket # 470, p. 8.

Real Legacy's argument regarding the photocopies stands on stronger footing. Acotrol seeks a whopping $ 2,358.49 for costs associated with photocopies. Docket # 471, p. 1. Real Legacy questions "why so many documents are printed when simply they could be stored as an

electronic document." Docket # 511, p. 8. Real Legacy also posits that, much like the time sheets, some photocopies are duplicative. The Court partially agrees.

The short of it is that spending over $ 2,300 in photocopies fees (at ¢ 25-30 per copy) during the course of a year for pre-trial (and mostly out-of-court) work strikes the Court as excessive. Moreover, some of the photocopies appear to be duplicative, and the documentation provided to support these expenses is barely intelligible. A 50% ($ 1,179.24) reduction is thus in order.

Acotrol requests $ 52,419.38 in costs, but because it is not entitled to that amount, the Court will reduce it as follows. Attorney Colón Torres' duplicative travel expenses ($ 3,112.18) are disavowed, while the 50% reduction to costs of photocopies brings down that cost to $ 1,179.245. In sum, the Court allows costs to Acotrol in the amount of **$ 48,127.95**.

For the reasons stated, Acotrol's motion for attorney's fees and costs is **GRANTED in part and DENIED in part**, and the fees and costs will be reduced as set forth above. Accordingly, Acotrol is awarded **$ 128,841.21** in attorney's fees and **$ 48,127.95** in costs, for a total of **$ 176,969.16**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 25th day of February, 2014.

*s/ Salvador E. Casellas*
SALVADOR E. CASELLAS
U.S. Senior District Judge